IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALLISON STANTON, and ALLEN DAVID MURRAY,

Petitioners,

vs.

HAMILTON COUNTY COURT,

Respondent.

8:26CV248

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of what the Court has docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on behalf of the petitioner Allison Stanton ("Stanton") by Allen David Murray ("Murray"). Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

The petition alleges Stanton is a pretrial detainee being held in the Hamilton County, Nebraska, jail in relation to Hamilton County Court case number CR25-106, where she faces allegations of possession of a firearm by a prohibited person and obstructing a peace officer. Stanton seeks immediate release from custody based on her allegation that the Hamilton County Court found Stanton in contempt in CR25-106 "without first establishing jurisdiction over the alleged Defendant [Stanton]." Filing No. 1 at 1. A search of Nebraska's state court records, available to this court online, shows Stanton was arrested in Hamilton County on April 9, 2025, after a traffic stop, probable cause for her

detention was found, and a bond was set on April 11, 2025. Stanton posted bond on April 14, 2025. On April 15, 2025, a complaint was filed in the Hamilton County Court in CR25-106 charging Stanton with possession of a firearm by a prohibited person and obstructing an officer. Stanton failed to appear in the Hamilton County Court as required on April 29, 2025, and the court issued a warrant for her arrest and revoked her bond. Stanton was later arrested in North Carolina on April 9, 2026, and transported to Hamilton County on May 13, 2026. On May 26, 2026, the county court held a preliminary hearing and found probable cause with respect to the possession charge and dismissed the obstruction charge. The case was bound over to the Hamilton County District Court, case number CR26-35, and is presently set for arraignment on July 2, 2026.[1]

As an initial matter, Stanton did not sign the petition. Rather, Murray signed on her behalf "by necessity." Filing No. 1 at 1–2. An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner. . . ."). Murray may pursue this habeas corpus action on behalf of Stanton only if he can establish standing to proceed as her "next friend." To establish standing as a "next friend," the party purporting to act for the detained individual must show (at least) the following two things:

---

[1] The Court takes judicial notice of the state court records in *State v. Allison Stanton*, CR25-106, County Court of Hamilton County, Nebraska, and *State v. Allison Stanton*, CR26-35, District Court of Hamilton County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. A copy of the JUSTICE report for CR25-106 is attached to this order.

1.   The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2.   The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, Murray has failed to show that the factors for "next friend" standing exist in the present case. Stanton is not a minor and nothing alleged in the petition or contained in the state court records suggests Stanton is incompetent or incapable of pursuing this action on her own behalf. As such, the Court finds the petition should be dismissed because Murray lacks standing to bring this action on Stanton's behalf.

Even if Murray could properly bring this action on Stanton's behalf, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced

3

the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Stanton is involved with ongoing state court criminal proceedings and her allegations and state court records do not show that she exhausted her state court remedies. Specifically, the Court finds that Stanton's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the Court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Stanton] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the Court will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Stanton must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also* *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Stanton is not entitled to a certificate of appealability.

4

IT IS THEREFORE ORDERED that:

1.    The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.    The Court will enter judgment by separate document.

Dated this 24th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5